## FLOREA v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co.
No 11014. Decided Jan 26, 1931

Milton Firestone and Ben H. Zwick, both of Cleveland, for Florea.

Harold H. Burton, Norman A. Ryan, and Joseph H. Crowley, all of Cleveland, for City.

VICKERY, PJ.

The record shows that the Police Department took unusual precautions in this case. They watched this suite occupied by plaintiff in error upon three several occasions and for one-half an hour to forty-five minutes upon each occasion. From the number of persons going in and out they thought they had probable cause to believe that liquor was being sold in that suite and so swore out a warrant.

The attorneys representing defendants in these liquor cases seem to think that before a search warrant can be sworn out, there must be positive proof which would convict; that no matter what is afterwards found in the place, the court must necessarily discharge the defendant and suppress the evidence. The writer of this opinion does not so understand the law, nor is it in accordance with the decisions of this court rendered many times. The writer of this opinion is of the firm conviction, and this court has so held in many opinions, that if what they discover in the house makes it lose its character as a private residence, a search warrant is a matter of utter indifference but in this case we need not go that far. There was an investigation and that investigation gave the officers who secured the warrant sufficient grounds to make them believe there was probable cause and that is all the law requires.

But fortunately for the plaintiff in error what the officers found in this place is shown in the record and there is no evidence of trafficking in liquor either by sale or otherwise. The record shows that they did find fifteen bottles of beer in the ice chest which analyzed 4.48 percent alcohol. Nobody was in the home except a scrub woman and the defendant. There is not the slightest evidence to show that there had been any trafficking in liquor, nor was the quantity so great, nor the situation such that from it an inference might arise that there was trafficking in liquor.

In the Bender case this Court held that it was not illegal to have liquor in one's possession whether it was acquired before or after the eighteenth amendment went into effect; that under the law it was the unlawful **trafficking** in liquor that was legislated against, and we pointed out in the Bender case that it was not necessary to show a sale, but that circumstances might

be such that it would be circumstantial evidence that a trafficking was carried on; and that has been practically the consistent holding of this court with the exception perhaps of one case. But in the instant case there was nothing to show but what this plaintiff in error had this liquor for his own use; it was not an extraordinary amount; fifteen bottles of beer is not a large amount of beer for one's own consumption. Consequently, we do not see upon what evidence the plaintiff in error was convicted and we think that the case should be and is reversed because of insufficiency of the evidence to warrant a conviction; that there was no evidence of a trafficking, either by actual sale or from circumstantial evidence as to the quantity of liquor contained; nor by its surroundings.

That being the state of the record, we can do no other than to reverse this judgment and discharge the plaintiff in error. Such will be the judgment of the Court.

Levine, J, concurs in judgment.

Weygandt, J, concurs in the reversal but does not concur in the discharge of the plaintiff in error.